The Chief Justice delivered the opinion of the court.
Zachariah Price was found guilty upon an indictment for the burning of a barn, not parcel of a dwelling house, and *208] was sentenced *to imprisonment at hard labor. By writ of error, the record of the conviction and j udgment was removed here, and divers reasons have been assigned for the reversal of the judgment.
1st. The first error assigned is, that “ it does not appear how, by whom, or by what authority; the persons sworn, affirmed and charged, as members of the grand jury, -were summoned and appeared for that purpose.”
In respect to these matters, the caption follows strictly the course of approved precedents, both ancient and modern. *247 No caption to be found in any book of authority, or heretofore in use in our criminal courts, sets forth more fully than is hero done, how, by whom, or by what authority, the grand jurors were summoned or appeared, nor states that they were summoned by the sheriff of the county, or by his authority, or appeared at his command under a precept or writ directed to him for that purpose; or as now prescribed by our statute, under the requisition of the law without writ or precept; 2 Hale, 165; 1 Sound. 248; Cro. Cir. Comp. 25, 73, 76, 81, 294; Foster 3; 2 Burn’s just. tit. indict, edit. of 1793, 663; Edit, of 1797, 499; 4 Chitty, cr. law, 190, 192, 194; Arch, cr. pl. 6; Starkie cr. pl. 258; 2 South. 746. The essential points of a caption, according to Hawkins, 4 Hawk. 72, B, 2; Ch. 25, see. 118, are to set forth, with proper certainty, the court in which, the jurors by whom, the time when, and the place at which the indictment was found. In a very small number of the precedents, the grand jurors are stated to have been “impannelled, sworn and charged;” though it has been held that the word “impannelled ” is unnecessary; 3 Salk. 191. Few, if any captions state the grand jurors to have been summoned.
2d. The second error assigned is, “ that it does not appear that the persons sworn, affirmed and charged, as members of the grand jury, were citizens of this state, and resided within the county of Sussex; nor that they were respectively above the age of twenty-one, and under the age of sixty-five years; nor that each of them had a freehold in lands, messuages or tenements in said county.” In other words, the caption does not set out the specific qualifications required by law, and aver that they were possessed by the grand jurors.
*The qualifications of the grand jurors are uniformly [*209 expressed, in the manner of the caption before us, by the terms “ good and lawful men.” Bo are all the precedents just now referred to. In a matter of this nature, the proper form is shewn, beyond controversy, by a long and unvarying usage.
*248 The language of one of the judges of this court, who says in The State v. Gibbons, 1 South. 46, describing a caption, that it sets forth “the names of. the grand jury and their qualifications,” has been cited in support of the objection under consideration. But though the learned judge requires the qualifications to be stated, he does not say that each shall be specifically enumerated, or that the ancient and accustomed mode “good and lawful men” is insufficient; and that he did not by his remark intend anything more, is abundantly shewn from the fact that he sanctioned the precedent in the case of the State v. Gustin, 2 South. 746; in which that method of expressing the qualifications of the grand jurors is used.
Our statute, Rev. Laws 658, directs that the sheriffs of the respective counties shall cause to come before the Courts of Oyer and Terminer and General Gaol Delivery, twenty-four good and lawful men, to serve as grand jurors, without any writ or precept being issued for that purpose. Now the caption is clearly sufficient when, in language equally explicit as the statute, it sets forth that the grand jufors are “ good and lawful men.”
The counsel of the plaintiff in error insisted that the statute just now referred to, dispensing with the writ or precept to summon grand jurors, had rendered a new form of caption and of panel or certificate of the sheriff, necessary. Before that statute say they, the writ or precept specified the qualifications of the jurors, and hence the return of the sheriff to such writ, that he had, by virtue thereof, summoned the persons named in the panel, was equivalent to a certificate that they were of the requisite qualifications. But since that statute; as no writ or precept is used, the qualifications of the jurors ought now to be specified in both the certificate annexed to the panel and in the caption. Admitting, argumenti gratia, that the writ or precept did specify the qualifications, a proposition not easily maintained by reference to the precedents, the conclusion supposed does *249 .by do means follow. The writ or precept formerly commanded the sheriff to summon the jurors. The statute now .stands in the place of the writ and ^directs the per- [*210 form anee of this duty. The qualifications of the jurors are also prescribed by statute. When therefore the sheriff now returns a panel, and certifies that he lias summoned the persons therein named to serve as grand jurors, the inference or. certificate, if it may be so called, that they are duly .qualified, is equally strong as formerly, from his return to the writ or precept; which according to the form given in 4 Chitty cr. law 179, neither specified their qualifications .nor averred them to be qood and lawful men. In the one case, the writ, it is said, required the sheriff to summon men of prescribed qualifications. In the other case, the statute makes a like requisition. If the panel returned with the writ served as a certificate that the persons summoned were thus qualified, the panel returned under the statute must, by the same process of reasoning, perform the like service.
In this assignment then there is no ground for reversal.
3d. The third error assigned is “ that by the record and proceedings it does not appear when, where, by whom, and before whom, the said persons supposed to be the said grand jury were sworn, affirmed and charged.” This objection was, on the argument, pointed at the omission of the words “ then and there ” in the caption which reads “by the oaths of, &c., and the solemn affirmation of, &c.; sworn, affirmed and charged to enquire,” &c.
The caption in this particular is according to the form given in the case of The State v. Gustin; a precedent deliberately settled and publicly sanctioned by this court; which has been since followed generally, perhaps universally ; and the record of almost every sentence in force at this hour exhibits, it may be presumed, a similar caption. A precedent thus set, thus sanctioned, and thus pursued, ought in a matter of this nature, obviously of no very deep interest or importance, to receive our unhesitating acquiescence and *250 support. Let us, however, examine the caption without reference to this authority. In grammatical construction there is no incongruity and can be as little doubt. “At a Court of Oyer and Terminer and General Gaol Delivery held on the 4th Tuesday in May, 1827, by the oath and affirmation, of good and lawful men, sworn, affirmed and charged to enquire, it is presented.” There might have been, with the words “ then and there,’- a greater deference to’ tautology, but not thereby a more explicit or intelligible averment, especially when it is known, *211] *that the law requires the grand jurors to be sworn at and before the court in which their presentments are made. The course of precedents has not been uniform; some, perhaps the greater number, introduce the words in question, but by others, of respected and approved authority, they are omitted, and it is especially to be noted that the words are not only omitted by Burn, but by all the modern writers on criminal pleadings, Starkie, Archbold and Ohitty; the latter giving them in some of 'the numerous precedents of his fourth volume; but not in the caption deliberately selected for an example in his treatise, and making the following observation : “ Formerly indeed, it was considered to be necessary to prefix the words “ then and there ” to the word sworn, but they are not now usual.” 2 Burn’s Just. 663, 493 ; Starkie 258; Arch: 6; 1 Chitty 327, 334. It remains to enquire whether any adjudged case has recognized the necessity of the phrase. Hawkins says, 4 Hawk. 76, B. 2, eh. 25, sec. 126, that “ indictments taken in inferior courts, have been quashed for want of the words ' then and there’ before the words 'sworn and charged.’ It might suffice then on this occasion barely to remark, that the indictment before us was found in the Oyer and Terminer. The only cases referred to by Hawkins, are 1 Mod. 26, and 2 Keble 583, and 610, which will be hereafter examined. In The People v. Guernsey, 3 Johnson’s eases 265, judgment was arrested because the words ' then and there ’ were *251 omitted in the caption. The indictment, however, was found in the General Sessions of the Peace of the county of Chenango, and after conviction was removed into the Supreme Court. The decision seems much to rest on the fact that the indictment was found in an inferior court; and although not directly asserted, yet it is strongly intimated, that the determination would have been otherwise, if found in the Oyer and Terminer; for Kent, justice, in delivering the opinion of the court, not only adverts to the distinction recognized in some of the books between inferior courts and the King’s Bench, or Grand Sessions for counties palatine, but says “ whether the indictment was found at the Quarter Sessions or in the King’s Bench or Oyer and Terminer is a material part of the enquiry.” Now the ground or reason of the rule or distinction, which would require the use of those words in the caption, in the one court, and disregard them in the other, is not satisfactorily explained *either in the King v. Farre, 1 Keble 629, [*212 where it is adverted to, or in Hawkins, where it is mentioned, nor perhaps can it now be very readily demonstrated ; and moreover our Court of General Quarter Sessions of the Peace is not, as was held in The State v. Parker, 1 Halst. 148, in some important matters, an inferior court, as the term is used in the English books or in the judicial system of New York. The People v. The General Sessions of Chenango, 1 Johns, cases 179. The cases relied on in The People v. Guernsey, to establish and sustain the arrest of judgment, are, The King v. Turneth, said to be reported in three different reporters, 1 Mod. 26; 2 Keble 583, and 1 Ventr. 60; and The King v. Morris, 2 Sir. 901. The reports of Modern and Keble are manifestly of the same case, although the name of the defendant is somewhat different. The report in 1 Yentr. 50, under tfye title “ anonymous ” is not, I apprehend, of the case of The King v. Turneth or French, but of the case reported in 2 Keble 610, by the name of The King v. Greenway; and the report in *252 1 Ventr. 51, also under the title “ anonymous,” I take to be, of the case of The King v. Turneth. My reason for this conclusion, of no importance perhaps as respects the question under examination, is that 1 Ventr. 51, is not only like 1 Mod. 26, and 2 Keble 583, an indictment for using a trade contrary to the statute of Elizabeth; but like them was .decided in Mich. 21, Car. 2; while 1 Ventr. 60, like 2 Keble 610, was decided in Hil. 21 and 22 Car. 2. The indictment in the King v. Turneth was without doubt found in the sessions. The reports differ as to the omitted words. According to 1 Mod. the words “ sworn and charged ” as well as “ then and there ” were wanting. In Keble 583, it is stated, that the words “ sworn and charged ” were inserted, but not the words “ then and there,” and Ventr. 51, says it was “The jurors say upon their oath ” and not then and there sworn.” The case then according to Mod. and Ventr. does not prove what was deemed the rule where the words “ then and there ” only were omitted, other proper words being used; and no very great authority can I think be justly claimed for, or, very great confidence reposed in a case thus differently represented in material matters by the different reporters. The same observation may be applied to the King v. Greenway. In Keble it is indeed stated that it was “sworn and charged,” but not “ then and therewhile in Ventr. the indictment is reported to *213] *have been quashed because it was not “ sworn and chargedand the superadded remark, whether it be from .the reporter or the clerk of the, crown office, or whether we are to understand it as having received the sanction of the court, is only that it must be “ then and there sworn.” In the case of The King v. Morris reported in 2 Str. 901, and in Fitzgibbon 266, the point appears to have been decided. Judgment was-arrested because the words “ then and there ” were left out as to the swearing of the jury. The reports however, which are very short, do not, nor do Keble 610, and Ventr. 60, directly mention in what court the indict- *253 merits were found, yet no doubt can be entertained that they were found in the Quarter Sessions or some other inferior court, as the omission of words of even more importance than these, seem in the superior courts to have been uniformly disregarded. 4 Hawk. 76; 2 Keble 69, 471. Inc The People v. Guernsey, the court refer to two anonymous cases in 12 Mod. 89 and 502; and consider them as without influence either way, the one being equal in authority to the other. In the latter it is said “ no heed was taken ” to the exception that the words “ then and there sworn and charged ” were wanting in the caption. In the former the words were “then and there impannelled,” and the word “ charged ” was wanting ; the indictment was quashed and the court said “ returned ” did not supply it. Neither of the cases bring into view or question, the want of the words “ then and there ” only.
The exception then as respects the Court of Quarter Sessions seems to have little, if any, support in the English books beyond the case of The King v. Morris ; and it may be safely concluded, an adjudication is not to be found that the words “ then and there ” are essential to a caption in the Court of Oyer and Terminer. Indeed it seems to me, aswell from a review of the cases, as from the precedents in the late books, and the remark of Chilly already noticed^ that in the criminal pleadings in England the insertion of the words in question is not now usual, and their omission would at the present day, in any of the courts there, be disregarded.
I am therefore satisfied that we may safely follow the precedent in 2 South.; and there is nothing in the 3d assignment of error.
*The 4th error assigned is “ that it does not appear [*214 to whom the grand jury made their presentment.”
The answer is given to this assignment not only by a reference to all _ the precedents, but by the unequivocal language of the caption. At a court of Oyer and Terminer *254 and General Gaol Delivery, held the 4th Tuesday in May, 1827, before the Honorable G. H. F., Esq., one of the justices, &c., and J. G., &c., and others, their fellows, judges, &c., it is presented.
„ The 5th error alleged is “ that it does not appear by the record that the petit jurors were summoned and returned.” The entry on the record is, “And the jurors of the said jury, by B. H. Esq. high sheriff of the said county of Sussex, for this purpose impannelled and returned agreeably to the statute in such case made and provided, to'wit, J. 0. &c.”
To shew that in this respect there is no error, it may suffice to look into the books of pleadings in criminal cases, in all which the entry' is like the present, and the word summoned is not used. 4 Black. com. appx. 1, 3; 3 Lord Raym. 35, 50; Cr. Cir. Comp. 28, 75, 79, 84; 4 Chitty, 380,. 382, 384, 386. The direction of our statute, Rev. Laws 658, that the petit jurors shall be convened, without writ or process, cannot render necessary any alteration in thé form of the entry on the record. They are nevertheless “ impannelled and returned ” by the sheriff.
The 6th error is “ that it does not appear when, where, or before whom, the petit jurors were sworn or affirmed.” And here as before, the approved and accustomed forms of entries fully sustain the record before us. And in looking into the books of entries, a difference will be observed between the instances where the trial takes place at a term or session different from that in which the issue is joined, and where, as in the present case, it occurs at the same session or term. The following entries resemble the record before us. 4 Black. appx.; Cr. cir. Comp. 28, 75, 79; 4 Chit. 384, 386.
The 7th error is “ that the award of the venire is for a jury to recognize upon their oaths, and one of the jurors did recognize on his affirmation.” “ Wherefore let a jury thereupon 'come, &c., by whom, &c., and who are not of, &c., to recognize upon their oaths whether the said Zachariah Price be guilty,” &c.
*255 The entry on the record in this respect is unexceptionable. The general rule is that the recognition is to be upon oath. The affirmation *is in the nature of an exception. [*215 “ Every person,” says the statute, “ where by law an oath is allowed or required, who shall allege that he is conscientiously scrupulous of taking an oath, shall be permitted to make his solemn affirmation or declaration.” The entry, therefore, when it is yet unknown that any one will avail himself of this permission, is properly made according to the general rule. Let the record be considered agreeably to its nature, as made up from time to time, according to the progress of events, and the impropriety of saying upon their oaths and affirmations, when peradventure no one may affirm, will be very obvious. This objection savors too much of that refinement of which we have hoard something, which questions the aptness of the name “jury and jurors ” where some affirm; and seeks to introduce the terms jurors and affirmants.
The 8th assignment of error alleges two defects in the body of the indictment.
1st. Because “ it charges that the defendant, one barn, &c., did burn and cause to bo burned,” while the statute says “if any person shall burn or cause to be burned.” The expressions, to burn, and, cause to be burned, are not incongruous nor inconsistent; and this mode of stating the offence is of frequent recurrence. The section of the statute which concerns forgery is, “ if any person shall falsely make, alter, forge or counterfeit, or cause, counsel, hire, command or procure to be falsely made, altered, forged or counterfeited;” yet the indictments usually charge that the defendant did falsely make and forge and cause to be falsely made and forged. 3 Ghitty, cr. law 1053, 1054, 1056, 1057, 1066, 1067, 1072; Arch. 189, 202. Archbold in his exposition of the rule that an indictment must not be double, says, “ that the defendant published and caused to be published a libel, is not double, for they are the same offence.” *256 Arch. cr. pl. 25; ibid. 343. Starkie says, “ It is the usual practice to allege offences cumulatively, both at common law and under the description contained in penal statutes;' as, that the defendant published and caused to be published a certain libel; that he forged and caused to be forged,”' &c. Starkie 271.
The other alleged defect is the want of a sufficient averment of place. “ That Zachariah Price late of the township-of Vernon, &c., on, &c., at the township aforesaid, &c., one-*216] barn of the property of *one Nicholas Ryerson, nob-parcel of the dwelling-house of the said Nicholas Ryerson, there situate, wilfully and maliciously did burn and cause to be burned.” The averment, “ there situate,” belongs, it is said, to the dwelling-house, and hence there is no averment of the locality of the barn. The necessity of an averment of place as to the barn is a postulate. The questions, therefore, are, whether an averment of .place is requisite as to the dwelling-house also ? If so, whether the-words “ there situate ” can serve this office as to both barn and dwelling-houses ? And whether, if not requisite as to-the dwelling-house, the words standing as they do, are yet so correct in grammatical construction or legal use as to-form a sufficient averment of place as to the barn.
The offence charged in the indictment is not arson; but a misdemeanor and described in the act for the punishment of crimes as follows : “ If any person shall wilfully and-maliciously burn or cause to be burned, or aid, counsel, procure or consent to the burning of any barn, stable or other building of another, not parcel of the dwelling-house, the' person so offending,” &c.
A negative answer to the first of the questions proposed, must rest on the assumption, that to constitute the offenceit is necessary that the dwelling-house should be at the-same place, or at least in the same township, county or state, as the barn. But such is not the truth. The offence would be complete, if the barn was in Vernon, although the- *257 dwelling-house of its owner stood in the adjoining county of Bergen, or even in the adjoining county of Orange, in the State of New York. The locality of the barn must be alleged, as well to identify it, as to shew that the offence was committed within the jurisdiction of the court where the indictment is found. But the locality of the dwelling-house is in neither respect material. This exception also rests on another erroneous assumption, that it is necessary the owner of the barn should also be the owner of a dwelling-house ; for if it is necessary to aver the situation of the dwelling-house, it must be because the offence is not complete unless the owner of the barn has a dwelling-house. Yet such is not the truth. To constitute the offence, it is only necessary that the barn be not parcel of a dwelling-house; and this, whether because the owner lias none, or it is so situated as not to be parcel. Take the case before us for illustration; suppose an averment of the locality of *the dwelling house in the township of Vernon. [*217 Proof of the averment would be held indispensable on the trial, and if the owner of the barn had no dwelling house, the offender must necessarily escape. In an indictment for bigamy, it has been held that the averment, that the first wife was alive at the second marriage, must set forth the time, yet need not state the place. Starkie 72.
If then an averment of place is not necessary as to the dwelling house, there seems no difficulty in resolving in the affirmative the last question proposed. The fact that the averment is requisite as to the one, and not so as to the other, fixes without any dubiety, to which, the words “ there situate,” refer and belong. Grammatical construction does not forbid the connection. The descriptive qualification which comes between them, produces no such effect. And it is to be observed, that in respect to these averments, the legal rule is much less scrupulous and rigorous in cases of misdemeanors, than where life is in jeopardy; 1 Chitty, *258 221. The cases referred to by the prisoner’s counsel, do not; sustain their objection. In The State v. Halsey, 1 South. 324, there was no allegation whatever, of place in the indictment. In Graham’s ease, Leash 87, two distinct felonies were charged against the principals, and the accessory was alleged to have harbored them, knowing they had committed the feloDy aforesaid.
There ia, in my opinion, no defect in the indictment before us.
9th. The remaining assignment of error imputes defects to the judgment.
The record is thus : The jury say “ that the said Zachariah Price is guilty of the misdemeanor aforesaid on him above charged, in the form aforesaid, as by the indictment aforesaid is above supposed against him; and upon this it is forthwith demanded, &c., whereupon, &c.; it is considered by the court here that the said Zachariah Price be confined and imprisoned at hard labor in the state’s prison, for the term of ten years.”
1st. It is objected that he is not by the court adjudged guilty of a misdemeanor. Our statute does not require such language to be introduced either into the annunciation or record of the sentsnce. Eo judgment of the form contended for can any where be found. The word “adjudged” *218] is here used by the legislature, perhaps not very aptly, as synonymous with “deemed;” which latter word is frequently found in correspondent places. They have so employed the word “ adjudged” in the act respecting lotteries. Rev. Laws 272, see. 1. “All lotteries shall be and are hereby adjudged to be common and public nuisances.”
2d. It is objected that there is no judgment for costs.
If the liability of the defendant to the payment of the costs of prosecution depends on the award of costs by the court, then a question may be raised upon this record, whether costs can be recovered of the prisoner, or he be *259 detained in custody after the expiration of the term, until they are discharged'; but it can, on no principle, be made a ground of reversal, at the instance of the defendant, that the court have omitted to award costs against him.
Let the judgment be affirmed.*